Nott, J.
delivered the opinion of the Court.
If the jury had found a verdict in this case in conformity with the instructions of the presiding Judge, I should have been satisfied with the verdict, and should have thought no expression •of the opinion of this Court necessary, further than that of a general concurrence in the views of the Court below. But as they have come to a different conclusion, it is necessary that the grounds of the opinion of this Court should be expressed.
.Of all the questions growing out of the several grounds made in-the defendant’s brief, the two following, alone, appear to me necessary to be considered. 1st, Whether á voluntary parol gift to a child, the property always continuing in the possession of the parent, and used as his own, can be set up to defeat the claims of subsequent creditors, who have trusted him on the *340 faith of such property. 2d, Whether such a gift can be maintained against subsequent creditors, where the parent was indebted at the time of such gift, and always continued so, until he became totally insolvent.
The first is not necessary to a decision of this case, and I shall not, therefore, express any decided opinion upon it; and shall merely notice it, so far as is necessary to repel any inference favorable to such a claim, which might be drawn from the observations made on the other ground.
I have already had occasion to observe during the sitting of this Court, that a vendor’s continuing in possession of personal properly is usually considered as furnishing such evidence of fraud, as will render the property liable to the claims of creditors even against a bona fide purchaser for valuable consideration ; and the principle must apply more strongly in the case of a volunteer. The only circumstance which can be relied on to repel the presumption, is, that the possession by a parent, of the property of his infant child, of whom he is ihe natural guardian, is not inconsistent with the nature of the claim set up by the child. But if it may be evaded by so flimsy a pretext, as by conveying to one under his own roof, and for whom he is bound to provide, the rule is of but litte value. I am not disposed, therefore, to volunteer an opinion in favor of such a claim, unless accompanied with some other evidence of title, than the mere proof of a gift. It is not my intention, however, to dwell upon this part of the case, as it is not called for on this occasion.
With regard to the second question, I think there can be but little doubt. A voluntary deed, executed with the most formal solemnities, cannot be supported against the claims of a subsisting creditor, even when the gift is accompanied with exclusive possession. That it' will be good against a subsequent creditor, where the donor was not in debt at the time, unless made with a view to future indebtedness, seems now to be admitted. And it seems also to be admitted that a trifling indebtedness, merely for the current expenses of a family, will not render a voluntary deed void, when the donor is still possessed of a considerable estate unincumbered.
But I am not aware of any case, where a donor was indebted at the time of the gift, and continuing in possession, and using *341 iCas his,own, and still continuing- in debt,- up to the period of insolvency, that the gift has been supported against a creditor. It does appear, that the donor, in this case, -was in debt at the time the gift was made ; to what extent, is not ascertained, neither can we expect that any one can shew the extent of another’s debts. But it does appear, that he was then unable to pay his debts, except by renewing his notes ; ánd it does not appear, that he was at any period of his life afterwards in a better situation. \ It has been one continued race between him and his creditors, until he has been overtaken by insolvency, and we can only judge of his situation by the result.' Paying off one debt by^contracting another, is not getting out of debt. .Proving, therefore, that the debts, which he owed.at th.at time have been .paid off, is doing nothing, if in so doing, he has contracted others to a greater amount. All the cases of any authority which have occurred in our Courts between the donee and creditors,- where the gift has been supported, Jiave turned upon the fáct of notice. If a person has notice-of the gift, he does not trust on the faith of the property, but on a personal confidence in-the debtor. But no such notice is pretended-in this case.
I am of opinion, therefore, that the motion for a new trial .ought to be granted.
Motion granted.